

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF TENNESSEE

AT KNOXVILLE

Chicago Insurance Company, an Illinois corporation,

    Plaintiff,

v.

Margaret Hunter, an individual, and Benchmark Insurance Company, a Kansas Corporation,

    Defendants.

CASE NO. 3:09-CV-278

Jordan/Shirley

**COMPLAINT FOR DECLARATORY RELIEF**

**DEMAND FOR JURY TRIAL**

    Plaintiff, Chicago Insurance Company, for its Complaint for Declaratory Relief, states and alleges as follows:

### THE PARTIES

    1.    Chicago Insurance Company ("CIC") is a corporation incorporated in the state of Illinois with its principal place of business in Chicago, Illinois. CIC is in the business of underwriting insurance.

    2.    Upon information and belief, defendant Margaret Hunter is a citizen of the State of Tennessee.

    3.    Upon information and belief defendant Benchmark Insurance Company ("Benchmark") is a Kansas corporation with its principal place of business in Shawnee Mission, Kansas.

1

## JURISDICTION AND VENUE

4. This Court maintains jurisdiction over this action pursuant to 28 U.S.C. § 1332. There is diversity of citizenship between the parties and the amount in controversy, exclusive of interest and costs, exceeds $75,000.00.

5. This court also has subject matter jurisdiction over this action pursuant to the Declaratory Judgment Act, 28 U.S.C. § 2201. CIC seeks a declaration of its rights and obligations and the rights and obligations of Benchmark to defend and indemnify Margaret Hunter under a policy of professional liability insurance issued to Professional Medical Associates.

6. Venue is appropriate in this judicial district pursuant to 28 U.S.C. § 1391.

7. CIC demands a jury trial of any factual issues pursuant to Rule 38 of the Federal Rules of Civil Procedure.

## BACKGROUND

8. Barbara Smith as best friend of Claudie Lynn Martin has filed an action captioned: *Barbara Smith as best friend of Claudie Lynn Martin v. Hillcrest Nursing Medical Institute d/b/a Hillcrest Healthcare North and Margaret Ann Hunter, CRT*. Case No. 2-23605 pending in the Circuit Court for Knox County, Tennessee. ("the Underlying Action"). The Underlying Action arises out of the death of Claudie Miller on April 29, 2004. A true and correct copy of the Complaint in the Underlying Action is attached as Exhibit A to this Complaint for Declaratory Relief.

9. At the time of Claudie Lynn Martin's death, CIC provided "occurrence" based professional liability insurance coverage to Professional Medical Associates and its employees for liability incurred while acting within the course and scope of their employment. The CIC

121239289v1 900254

coverage was in effect for the period May 8, 2003 – May 8, 2004 and was provided through policy number AHL01235510. A true and correct copy of policy number AHL01235510 is attached as Exhibit B to this Complaint for Declaratory Relief.

10. At the time of Claudie Lynn Martin's death, Benchmark provided "occurrence" based general and incidental professional liability insurance coverage to Respiratory Support Services, LLC and its employees through policy number D1003G1394-1. The Benchmark coverage was in effect for the period April 13, 2004 – April 13, 2005. On information and belief a true and correct copy of policy number D1003G1394-1 is attached as Exhibit C to this Complaint for Declaratory Relief

11. At the time the defendant Margaret Hunter was served with the Complaint in the Underlying Action, CIC was unable to determine whether or not she was employed by Professional Medical Associates at the time she provided professional services to Claudie Martin. CIC agreed to provide a defense to Ms. Hunter in the Underlying Action under a reservation of rights.

12. On information and belief at the time the defendant Margaret Hunter was served with the Complaint in the underlying action, Benchmark was unable to determine whether or not she was employed by Respiratory Support Services, LLC. On information and belief, Benchmark agreed to provide a defense to Ms. Hunter under a reservation of rights.

13. CIC has determined that at the time Ms. Hunter provided professional services to Claudie Martin she was not employed by Professional Medical Associates.

14. CIC has determined that at the time Ms. Hunter provided professional services to Claudie Martin she was employed by Respiratory Support Services, LLC.

15. To qualify as an insured under the CIC policy, Ms. Hunter must have been working within the course and scope of her employment by Professional Medical Associates as an employee of Professional Medical Associates at the time she provided professional services to Claudie Martin.

16. Ms. Hunter does not qualify as an insured under the policy issued by CIC to Professional Medical Associates.

17. Ms Hunter qualifies as an insured under the policy issued by Benchmark to Respiratory Support Services, LLC.

18. Pending identification of Ms. Hunter's employer, Benchmark and CIC agreed to share the expense of defending her. Since the determination was made that Ms. Hunter was insured under its policy, Benchmark has failed and refused to acknowledge its obligation to fund the entire cost of Ms. Hunter's defense and its sole obligation to indemnify her.

## COUNT I – DECLARATORY RELIEF
### (Against all defendants)

19. CIC realleges and incorporates by reference the allegations contained in paragraphs 1 through 18 of this Complaint.

20. There is a justiciable controversy between CIC and the defendants named in this Complaint as to whether policy number AHL01235510 provides coverage to Margaret Hunter for the claims made against her in the Underlying Action.

21. CIC is entitled to a declaration that there is no coverage under policy number AHL01235510 for the claims made against Ms. Hunter in the Underlying Action.

121239289v1 900254

22. CIC is entitled to a declaration that Ms. Hunter qualifies as an insured under policy number D1003G1394-1 issued by Benchmark to Respiratory Support Services, LLC. and Benchmark has the sole obligation to defend Ms. Hunter in the Underlying Action.

23. CIC is entitled to a declaration that Benchmark is obligated to reimburse it for the defense expenses CIC has paid toward the defense of Ms. Hunter.

WHEREFORE, CIC requests that the Court enter declaratory judgment in its favor as follows:

1. There is no coverage under policy number AHL01235510 for the claims made against Ms. Hunter in the Underlying Action.

2. Ms. Hunter qualifies as an insured under policy number D1003G1394-1 issued by Benchmark to Respiratory Support Services, LLC. and Benchmark has the sole obligation to defend and indemnify Ms. Hunter in the Underlying Action.

3. Benchmark is obligated to reimburse CIC for the defense expenses CIC has paid toward the defense of Ms. Hunter.

4. Such other relief as the Court deems just and proper.

Dated: June 24, 2009         HINSHAW & CULBERTSON LLP

By: _____/s/ Paulette Sarp_____
Paulette S. Sarp
Accenture Tower
333 South Seventh Street, Suite 2000
Minneapolis, MN 55402
Telephone: 612-333-3434
Fax: 612-334-8888
psarp@hinshawlaw.com

**ATTORNEYS FOR CHICAGO INSURANCE COMPANY**

5
121239289v1 900254
Case 3:09-cv-00278-RLJ-CCS   Document 1   Filed 06/25/09   Page 5 of 5   PageID #: 5