IN THE UNITED STATES DISTRICT COURT FOR
THE EASTERN DISTRICT OF TENNESSEE
KNOXVILLE DIVISION

| | | |
|---|---|---|
| CHICAGO INSURANCE COMPANY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 3:09-CV-278 |
| | ) | |
| MARGARET HUNTER and | ) | |
| BENCHMARK INSURANCE COMPANY, | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM OPINION

Pending in the Circuit Court for Knox County, Tennessee is a wrongful death action captioned *Barbara Smith, sister and next friend of Claudie Lynn Martin v. Hillcrest Nursing Medical Institute, Inc., d/b/a Hillcrest Healthcare-North, and Margaret Ann Hunter, CRT*, No. 2-236-05, in which the plaintiff asks for an award of $1,500,000.00. In the civil action now before this court, plaintiff Chicago Insurance Company ("CIC") seeks a declaratory judgment: (1) that it owes no coverage to defendant Hunter in the underlying state court matter; and (2) that defendant Benchmark Insurance Company ("Benchmark") has the sole obligation to defend and indemnify Ms. Hunter in that case.

Three motions are now before the court. First, defendant Hunter seeks court-appointed counsel [doc. 16]. Next, Barbara Smith, the plaintiff in state court, has filed a motion to intervene [doc. 18]. Defendant Benchmark has submitted a brief in opposition to that motion, and plaintiff CIC has joined in Benchmark's opposition. Lastly, Ms. Smith has filed an amended motion to intervene [doc. 22], to which no party has responded.

All pending motions are now ripe for the court's consideration, and oral argument is deemed unnecessary. For the reasons that follow, the motion for appointment of counsel will be denied, the amended motion to intervene will be granted, and the original motion to intervene will be denied as moot.

I.

*Defendant Hunter's Motion*

On September 14, 2009, attorney Luis Bustamante filed a notice of appearance in this court on behalf of Ms. Hunter. On September 29, 2009, Mr. Bustamante and Ms. Hunter jointly moved for Mr. Bustamante's withdrawal as counsel of record. The motion, which indicated that Ms. Hunter had "elected to terminate her relationship with" her attorney, was granted by order dated September 29, 2009.

Ms. Hunter now asks "the court to appoint an attorney to represent me." Ms. Hunter contends that she is unable to afford or otherwise obtain counsel, and she has submitted documentation that she is receiving Food Stamps and Supplemental Security Income. Defendant Hunter further alleges that she is retired, receives "rental assistance," has "no property other than household goods and a car," and had to take out a loan (which she is unable to repay) to cover Mr. Bustamante's retainer.

The appointment of counsel in civil cases is not a constitutional right but rather is a privilege granted only in exceptional circumstances. *See Lavado v. Keohane*, 992 F.2d 601, 605-06 (6th Cir. 1993). Within its discretion, "[t]he court *may request* an attorney to

2

represent any person unable to afford counsel." 28 U.S.C. § 1915(e)(1) (emphasis added). Factors to be considered include the merits of the party's position, the type and complexity of the case, the party's ability to represent herself, and whether the party's chances of success are "extremely slim." *See Lavado*, 992 F.2d at 606. Having considered these factors in light of the present record, the court declines at this time to exercise its discretion to request that an attorney represent Ms. Hunter.

The court accepts that Ms. Hunter is not qualified to represent herself in this case, but that factor alone is not dispositive. As for considerations of Ms. Hunter's chances of success and the merits of her position, the record is not sufficiently developed at this time to inform the court on those issues.[1]

In the court's mind, the considerations most relevant to Ms. Hunter's motion are the type of case at bar and its current complex posture. The pleadings make clear that both insurers are disputing their duty to defend Ms. Hunter in state court. Nonetheless, the court presently questions the incentive that Ms. Hunter would have, as a purportedly indigent and likely judgment-proof defendant, to contest CIC and Benchmark's coverage arguments. Instead, Ms. Smith as intervenor and state-court plaintiff is the party more likely to adequately brief those issues to this court because of the effect that this court's rulings will have on the sought-after recovery in her underlying case.

---

[1] The limited record presently before the court consists of: the complaint; Benchmark's answer, counterclaim, and cross-claim; and the above-referenced filings pertaining to intervention and representation.

3

Therefore, based on the present record, the court will not exercise its discretion to request that an attorney represent Ms. Hunter. This issue may be revisited should the facts and circumstances of the case so dictate.

II.

*Intervention*

A. Jurisdiction

According to the complaint, this court's subject matter jurisdiction arises from the diversity of citizenship statute, 28 U.S.C. § 1332. Plaintiff CIC is an Illinois corporation. Defendant Hunter is a citizen of Tennessee, as is the proposed intervenor Ms. Smith. Defendant Benchmark is a Kansas corporation.

The insurance companies argue that Ms. Smith's intervention would destroy the court's diversity jurisdiction. They are incorrect.

The purpose of Ms. Smith's desired intervention is to defend the issues of coverage. She would therefore be aligned with Ms. Hunter as defendant and as cross-defendant. Because the two Tennessee parties would be on the same side of this litigation, the court's diversity jurisdiction would be unaffected.

B. Intervention of Right

Ms. Smith brings her amended motion pursuant to Federal Rule of Civil Procedure 24(a), which provides in material part,

4

On timely motion, the court must permit anyone to intervene who:

. . .

> (2) claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest.

Fed. R. Civ. P. 24 (a)(2). A movant must satisfy four requirements before she will be allowed to intervene as of right:

1. The request to intervene must be timely;

2. The movant must have a substantial legal interest in the case;

3. The movant's ability to protect that interest would be impaired in the absence of intervention; and

4. The movant's interest is not adequately represented by parties already before the court.

*See Stupak-Thrall v. Glickman*, 226 F.3d 467, 471 (6th Cir. 2000) (citation omitted). "Rule 24 should be broadly construed in favor of potential intervenors." *Id.* at 472 (citation and quotation omitted).

In determining whether a motion to intervene is timely, the court considers:

1. The point to which the suit has progressed;

2. The purpose for which intervention is sought;

3. The length of time preceding the application during which the proposed intervenor knew or should have known of her interest in the case;

5

> 4. The prejudice to the original parties due to the proposed intervenor's failure to promptly intervene after she knew or reasonably should have known of her interest in the case; and
>
> 5. The existence of unusual circumstances militating against or in favor of intervention.

*Id.* at 473. Having considered these factors, the court finds Ms. Smith's request timely.

As noted above, Ms. Hunter's status as a purportedly indigent defendant, whether *pro se* or represented by counsel but with dubious incentive to argue against the insurers' positions, is an unusual circumstance weighing in favor of intervention. Next, as will be discussed below, intervention is sought for a legitimate purpose.

Further, issues of scheduling and prejudice do not weigh against intervention. Plaintiff filed its complaint on June 25, 2009. The court's docket shows that defendant Hunter was expressing an intention to defend this case as of September 17, 2009 [doc. 11]. On September 22, 2009, attorney Bustamante notified Ms. Smith's counsel that Ms. Hunter had terminated that attorney-client relationship, but his letter also correctly advised that Ms. Hunter was still "scheduled to file a responsive pleading on or before October 6, 2009." When no such pleading was filed, Ms. Smith submitted her motion to intervene on the following day - October 7, 2009 - and her amended motion to intervene was filed a mere two weeks later. The court thus finds no delay by the movant. The court further finds no prejudice to the insurers, as this case is still in its earliest stages. The relevant factors having been considered, Ms. Smith's request to intervene is timely.

6

The movant has also satisfied the remaining requirements for intervention as of right. Ms. Smith seeks a significant wrongful death verdict from two defendants in state court, and the insurance coverage of one of those defendants (who is purportedly otherwise without funds to satisfy judgment against her) is the central issue before this court. Ms. Smith's interest at present is not adequately represented or protected herein. Again, Ms. Hunter is currently *pro se*. Even if represented, her motivation to defend this case would appear to be substantially less than Ms. Smith's, and the remaining parties have interests directly opposite to Ms. Smith.

For these reasons, the amended motion to intervene must be granted. An order consistent with this opinion will be entered.

ENTER:

      s/ Leon Jordan
United States District Judge